```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

SANDRA RENA ROBBINS,

      Plaintiff,

v.                              Case No: 2:25-cv-409-JES-NPM

STEVEN E. MARTIN, JONATHAN
BIERFELD, and MARTIN LAW
FIRM, P.L.,

      Defendants.

_____

**ORDER**

    This matter comes before the Court on review of the file. On May 16, 2025, defendants removed the case pursuant to 28 U.S.C. § 1331 and § 1334 because the malpractice allegations in the Complaint (Doc. #4) arose from the conversion of plaintiff's Chapter 13 to a Chapter 7 bankruptcy case. (Doc. #1.) On June 5, 2025, plaintiff filed a Motion to Remand to State Court (Doc. #14) arguing that the claim was "strictly state-law" and no federal law or bankruptcy issues were involved. On June 19, 2025, defendants filed a Response in Opposition, and for Order to Show Cause (Doc. #16) noting that this case is listed as an interest in the voluntary petition and more importantly seeking sanctions for plaintiff's use of "fake legal authority" because plaintiff's case cites do not exist or the holdings are misstated. On June 30, 2025, plaintiff filed a Notice of Withdrawal of Plaintiff's Motion

to Remand (Doc. #23), withdrawing the motion but stating that the "withdrawal shall not be construed as a waiver of Plaintiff's objection to federal subject matter jurisdiction.[1]"  While the Court will terminate the motion to remand, the request for sanctions remains pending and the Court anticipates a response.

Defendants filed a "Supplemental Motion to Dismiss" (Doc. #22) which appears to simply update the certificate of conferral indicating that plaintiff would be amending the Complaint within the time to respond.  The Court will terminate both Motion to Dismiss (Doc. #18) and the Supplemental Motion to Dismiss (Doc. #22) and set a deadline for the amended pleading.

The Court notes that the Complaint is a "shotgun pleading[2]" in that it improperly incorporates paragraphs from the preceding counts.  (Doc. #4 at ¶¶ 36, 41, 48.)  Plaintiff must correct this deficiency when amending the pleading.

---

[1] While plaintiff may lodge an objection, the Court finds that defendants have met their initial burden to demonstrate the presence of federal jurisdiction.  The allegations in the Complaint necessarily require the Court to examine decisions made under the bankruptcy code.

[2] "The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand to State Court (Doc. #14) is deemed withdrawn.

2. Plaintiff shall file a response to defendants' request for an Order to Show Cause (Doc. #16) within **SEVEN (7) DAYS** of this Order.

3. Defendants' Motion to Dismiss (Doc. #18) is **DENIED** as moot in light of the Supplemental Motion to Dismiss (Doc. #22), which is **DENIED** without prejudice.

4. Plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** of this Order. If no amended complaint is filed, defendants may refile a Motion to Dismiss within **THIRTY (30) DAYS** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of July 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record