UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA RENA ROBBINS,
    Plaintiff,

                              Case No. 2:25-cv-00409-JES-NPM

v.

MARTIN LAW FIRM, P.L., et al.,
    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
AN ORDER TO SHOW CAUSE & INCORPORATED MEMORANDUM OF LAW**

    The Plaintiff, SANDRA RENA ROBBINS, (referred to herein as "Plaintiff"), by and through her undersigned attorney and pursuant to this Court's Order entered on July 2, 2025, files this her Response to the Defendants' Motion to Show Cause with Incorporated Memorandum of Law.

**INTRODUCTION**

    This cause arises from the initiation by the Plaintiff of an action for professional malpractice in Florida state court. The gravamen of the state court proceeding is the Plaintiff's claim that she suffered damages when the Defendants converted her Chapter 13 proceeding to a liquidation pursuant to Chapter 7 which, as a result, placed non-exempt property subject to liquidation by the Trustee as stated in her Complaint, [DE 4], causing her damages.

    The Defendants filed a Notice of Removal, [DE 1] which the Plaintiff initially opposed by filing her Motion to Remand to State Court and Memorandum in Support of the Motion which has

1

been withdrawn and deemed moot by this Court's Order of July 2, 2025, directing the Plaintiff to respond to the Defendants' Motion for a Show Cause Order.

Within the Defendants' Response, they included a Motion to Show Cause that contained several allegations. This then is the Plaintiff's response.

## **LEGAL ARGUMENT**

The Defendants assert several claims regarding the authorities relied upon by the Plaintiff in her Motion to Remand which they assert are non-existent or otherwise misrepresented holdings from the citations.

The Defendants refer to *Baker v. BDO Seidman, LLP* which the Plaintiff concedes was referenced by an incorrect citation. The proper citation is *Baker v. BDO Seidman, LLP,* 390 F. Supp.2d 919, (USDC, N.D., CA). The case concerned a malpractice claim in which only state clams were asserted against the defendants, including professional negligence, breach of fiduciary duty, fraud and deceit and negligent misrepresentation, and a violation of the California Business & Professions Code Section 1720.

The issue was resolved by the *Baker* Court with a ruling that the matter would be remanded to state court because Baker's claims of fraud and deceit along with the other claims "were capable of being resolved on [a] state law bases without the interpretation of federal law. Because plaintiff's claims do not "necessarily" raise a stated federal issue."

The Plaintiff concedes that the matter in *Baker*, id. did not involve a bankruptcy matter but the essence of the holding as cited in the Motion for Remand is correct.

The Defendants then refer to the "direct quotations" from *In re Republic Reader's Serv., Inc.*, 81 B.R. 422 (Bankr. S.D., Tex, 1987). This case arose out of an adversary proceeding for turnover of property as well as damages to the debtor's business under state law. The debtors filed

2

a counterclaim for breach of contract, fraud, and tortious interference with contractual relations. The issue before the court was abstention within the context of a bankruptcy proceeding. The court enumerated several facts to consider in its reference to the District Court recommending "permissive abstention" to the state court which included "whether the proceeding was filed in bankruptcy for **the purpose of forum shopping**." The other factors noted by the court were: "1). The existence of two closely related proceedings based upon state law or a state law cause of action; 2). The absence of any basis for jurisdiction other than section 1334(3); 3). **The likelihood that the proceeding can be timely adjudicated in a state court forum;** 4). The extent to which state law issues predominate; and 5). The degree of relatedness the proceeding has to the bankruptcy case," (emphasis added).

The Plaintiff recognizes that the use of quotations concerning the stated ruling and underlying basis for it while borne out by the opinion can be misleading. Both "quoted" concepts in the ruling, i.e., forum shopping and a timely state court adjudication clearly part of the authority relied upon by the Plaintiff.

The Defendants reference *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3rd 100, 106 (5th Cir., 1996) cited by the Plaintiff herein and "direct quotations" asserted by the Plaintiff. *Eastus*, id., concerned the remand of two state court law claims under 28 U.S.C. Sec. 1441(c) for wrongful discharge of an employee. The Plaintiff recognizes that this citation did not concern a bankruptcy proceeding. However, the issues are similar in that *Eastus,* id., concerned the applicability of state law as a factor in the remand and whether or not the plaintiff assertions were "separate and independent claim[s] or cause[s] of action" not involving a federal question. Relying upon the fact that Section 1441(c) retained the use of the term "matters" and Congress's intent to restrict rather

3

than expand removal jurisdiction, the court remanded only one of *Eastus'* claims to state court where "state law predominates as to the individual claim."

Thus, *Eastus*, id., does stand for the principle that state law of action, malpractice in this instant case, would be better left to the state court where "state law predominates."

Plaintiff's reference to *Kircher v. Putnam Funds Trust*, 547 US 633 (2006) to claim that the burden rests upon the party seeking removal does not accurately state the holding in the case. The issue was whether or not the remand to the state court was properly based upon the District Court's finding that it lacked subject matter jurisdiction, based upon the status of the plaintiffs and was, thus, not appealable. The Supreme Court vacated the reversal of a Circuit Court's reversal of the remand stating that a "defendant can…elect to leave the case where the plaintiff filed it [state court] and trust the state court to the make preclusion determination" seeking dismissal in state court.

In the sense that the issue in *Kircher*, id., concerned the lack of subject matter jurisdiction in the District Court, it is conceded that the citation by the Plaintiff is not accurate.

Plaintiff cited to *Hirsch v. Arthur Andersen & Co*., 178 B.R. 40 (D. Conn., 1994), aff'd, 72 F.3rd 1085 (2d Cir, 1995) in her Motion for Removal. Hirsch, the Trustee in bankruptcy, brought suit against the defendants. His complaint was dismissed by the District Court because he lacked standing. In a motion for reconsideration, he limited his claims to malpractice against the defendant for failing to conduct a due diligence investigation. The District Court determined in adhering to its prior dismissal that Hirsch had a conflict of interest as he stood "in the place of the very parties who are alleged to have defrauded the investors" who were claimants in the bankruptcy.

The court in *Hirsch*, id., stated that Connecticut law does recognize standing of creditors to sue for negligence, breach of fiduciary duty, and fraud in circumstances similar to those brought by Hirsch, but that he lacked standing to pursue these claims as he only represented the interests

4

of the debtor corporation. Again, applying state law, the court obligations or liabilities "run to the corporate creditors personally, rather than to the corporation" so the right of such an action is not part of the estate and as Trustee, Hirsch, lacked standing to pursue them.

The Plaintiff concedes that the only similarity between the instant case and *Hirsch*, id., is the application of state law.

With respect to the Defendants' assertion that the Legal Standard relied by the Plaintiff for removal is correct and relies upon cases remanded from Bankruptcy Courts citing 28 U.S.C. Section 157 that do not apply is contradicted by their assertion that "the District Court has jurisdiction because the Plaintiff's legal malpractice claim is property of the bankruptcy estate" (Page 7 of their Response).

As a solo practitioner handling evolving litigation demands for a client with limited resources, undersigned counsel is committed to ensuring both accuracy and access to justice. While preparing the initial filing, undersigned counsel was coping with significant health issues and, in good faith, sought limited outside assistance with legal research to meet the deadline.

While this does not absolve ultimate responsibility, it provides important context for the citation errors that occurred. These were not made with any intent to mislead but rather arose from oversight during a period of constrained capacity. Undersigned counsel takes full ownership of the record and remains committed to candor, professionalism, and respectful compliance with this Court's orders.

Undersigned counsel sincerely and wholeheartedly apologizes to the Court and opposing counsel for any confusion, inconvenience, or concern caused by the inaccuracies in the initial filing. In light of the foregoing, Plaintiff respectfully requests that the Court accept this explanation in good faith, take into account the context in which the initial filing was made, and grant grace in

lieu of sanctions. Plaintiff remains committed to the integrity of these proceedings and welcomes the opportunity to move forward with clarity, accuracy, and professionalism.

WHEREFORE, the Plaintiff respectfully requests that the Court deny Defendant's Motion for Order to Show Cause, along with their request for attendant relief in the form of attorney's fees, and such other relief as the Court may just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Tesha Allison
Tesha Allison, Esq.
Florida Bar No. 108538
The Law Office of Tesha Allison, P.A.
1870 N Corp Lakes Blvd., Suite 267742
Weston, FL 33326
(305) 901-1471
tesha@tapalaw.com