UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA RENA ROBBINS,

      Plaintiff,

v.                                    Case No:  2:25-cv-409-JES-NPM

MARTIN LAW FIRM, P.L., A
Florida    Professional
Limited        Liability
Company,      JONATHAN
BIERFELD,   ESQ.,   and
STEVEN E. MARTIN, ESQ.,

      Defendants.

_____

**ORDER**

This matter comes before the Court on review of the Motion to Dismiss (Doc. #65) filed on October 26, 2025 by Defendants Martin Law Firm, P.L., Jonathan Bierfeld, Esq., and Steven E. Martin, Esq. (collectively "Defendants"). Among other things, Defendants argue that the Amended Complaint (Doc. #59) filed by Plaintiff Sandra Rena Robbins ("Plaintiff") must be dismissed as a shotgun pleading.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that a party

state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  A complaint that violates either of these rules is often referred to as a shotgun pleading.  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  A court presented with a shotgun pleading should order repleading.  See Paylor v. Hartford Fire Ins., 748 F.3d 1117, 1127-28 (11th Cir. 2014).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not "separat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or

which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23.

The Amended Complaint (Doc. #59) falls into the fourth category of shotgun pleadings by failing to distinguish between defendants. Counts I and II group all three Defendants together under claims of Legal Malpractice and Negligent Misrepresentation without identifying which party is responsible for which act forming the basis of those claims. Furthermore, Counts III and IV, which bring claims of Constructive Fraud and Breach of Contract, are equally vague because they leave it unclear which Defendants are liable for what.

Defendants ask the Court to dismiss the Amended Complaint with prejudice because Plaintiff previously filed a deficient pleading on shotgun grounds, was given notice of the same, and was given an opportunity to amend her Complaint. See Barmapov v. Amuial, 986 F.3d 1321, 1325-26 (11th Cir. 2021) (concluding that a "district court did not abuse its discretion" in dismissing second amended complaint with prejudice as a shotgun pleading after plaintiff was advised of the defects in his first amended complaint but filed "another shotgun pleading.") The Court finds that Plaintiff's earlier pleading (Doc. #30) had separate and distinct pleading issues that were

-3-

corrected and will grant Plaintiff a second opportunity to amend her pleading.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #65) is **GRANTED.** Plaintiff shall file a Third Amended Complaint within 21 days of the instant Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

-4-