UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA RENA ROBBINS, a Florida professional limited liability company,

Plaintiff,

v. Case No: 2:25-cv-409-SPC-NPM

STEVEN E. MARTIN, Esq.; JONATHAN BIERFELD, Esq.; MARTIN LAW FIRM, P.L., a Florida professional limited liability company.

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 75). Plaintiff opposes the motion or alternatively seeks leave to amend. (Doc. 78). For the below reasons, the motion is granted in part and denied in part.

**BACKGROUND**

This is a legal malpractice case arising from the representation of Plaintiff Sandra Robbins, a debtor who hired Defendants in 2019 to file a Chapter 13 bankruptcy voluntary petition on her behalf. Plaintiff was represented by Defendants Jonathan Bierfeld and Steven E. Martin, both

employed by Defendant Martin Law Firm, P.L. ("Martin Law Firm"), pursuant to a Bankruptcy Retainer Agreement (Doc. 74-8).

As Plaintiff tells it, her representation was fraught with problems, including Defendants' failure to object to the U.S. Department of Education ("DOE") Claim 5-2 (student loan); emailing her personal injury counsel Rafael Roca, Esq. incomplete information regarding the settlement funds from her personal injury case; the October 31, 2022, filing of a Motion to Convert without Plaintiff's informed consent; authoring a letter to Plaintiff containing contradictory information; and failing to cure before moving to withdraw as counsel of record. (Doc. 74 ¶ 59).

In September 2022, Plaintiff's Chapter 13 case was dismissed for failure to cure a delinquency in plan payments without prejudice to converting the case to another chapter within 14 days. (Doc. 74-3). According to Plaintiff, Bierfeld emailed Roca a copy of the Bankruptcy Court's Order of Dismissal giving the impression that disbursement of settlement funds for her personal injury claim was appropriate and not property of the estate under the Bankruptcy Code. (Doc. 74 at 65).

In October 2022, Bierfeld filed a Motion to Convert Case to Chapter 7 without first providing Plaintiff with a draft of the Chapter 7 petition and schedules. In fact, Plaintiff alleges that she did not "review, approve, or even know these filings were being prepared, let alone submitted." (Doc. 74 at 21).

Plaintiff also did not get the chance to reject the documents or to meaningfully participate in the decision to convert. (*Id.* ¶ 38; Doc. 74-4). The motion was granted, and the case was converted to a Chapter 7 case. Plaintiff alleges that the conversion was done to buy more time to negotiate with creditors and to salvage a strategy they had failed to previously execute, without her knowledge or informed consent. (Doc. 74 ¶¶ 8–9, 27–28).

On May 19, 2023, when the Bankruptcy Court denied counsel's motion to dismiss the Chapter 7 case, Plaintiff realized she was locked into the consequences of the conversion and the subsequent damages. (*Id.* ¶ 61). By letter dated July 12, 2023, Bierfeld summarized actions taken from the inception of the Chapter 13 case through the Chapter 7 conversion. The letter explained how "wanting more time to continue negotiations," counsel moved to convert to a Chapter 7 case. Counsel stated that since the "vast majority of [Plaintiff's] unsecured debt is the non-dischargeable student loan," an objection was immediately filed. Unfortunately, the Trustee's motion to strike the objection was granted. After the objection was stricken, counsel sought to dismiss the Chapter 7 case. Counsel noted that "there is no absolute right for a Debtor to voluntarily dismiss a Chapter 7 filing," but that the Bankruptcy Court could do so. The motion to dismiss was denied. The letter then explained that Plaintiff was "required to turnover any non-exempt assets to the Trustee for liquidation and disbursement to creditors, and that the "settlement funds

are non-exempt and would need to be turned over." (Doc. 74-6 at 2–3). Plaintiff alleges that this information contradicted information previously conveyed to Roca.

In September 2023, Plaintiff appeared in Bankruptcy Court for the first time seeking clarity and to state on the record that she did not authorize the conversion. Her presence had previously not been required. (Doc. 74 ¶ 35). Bierfeld sought to withdraw from the case. (*Id.* ¶ 36). Plaintiff alleges that the conversion caused adversary proceedings to be filed against her and litigation over assets that would not have been subject to liquidation under Chapter 13 of the Bankruptcy Code. (*Id.* ¶¶ 40, 45). Plaintiff alleges that the conversion caused financial damage. (*Id.* ¶ 53).

In April 2024, Plaintiff's personal injury attorney Rafael Roca sent correspondence to Defendants requesting that they place their malpractice insurance carrier on notice of a potential claim. (*Id.* ¶ 44). In September 2024, Roca stated that he would pursue the claim regarding the handling of Plaintiff's bankruptcy. (*Id.*)

In February 2025, when the Bankruptcy Court issued a final order in the adversary proceeding and the Trustee released the claim, the Bankruptcy Court granted the Trustee's request to compromise all claims against Plaintiff, including the adversary proceeding, and acknowledged the right to pursue a professional negligence claim. (*Id.* ¶ 42; Doc. 74-7).

## LEGAL STANDARD

A district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See id.* at 678.

## ANALYSIS

In the Third Amended Complaint (Doc. 74), Plaintiff alleges legal malpractice (Count I), negligent misrepresentation (Count II), and constructive fraud (Count III) against all Defendants, and one count of breach of contract (Count IV) against the Martin Law Firm. Defendants seek dismissal based on the statute of limitations, for failure to allege sufficient facts to support the claims, and because the Third Amended Complaint still fails to comport with Federal Rule of Civil Procedure 10(b) and is a deficient pleading.

### A. Sufficiency of Pleading

Defendants seek to dismiss the Third Amended Complaint with prejudice as a shotgun pleading and under Rule 10(b) arguing that Plaintiff

has filed "yet another deficient complaint" and failed to remedy the defects in the pleading after being provided an opportunity to amend. (Doc. 75 at 19–20). Plaintiff argues that Rule 10(b) does not apply to introductory or jurisdictional paragraphs and unnumbered paragraphs, and that this is not a shotgun pleading issue. (Doc. 78 at 20).

Under Federal Rule of Procedure 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court agrees that the Third Amended Complaint fails to number *every* paragraph so that the "Introduction and Nature of the Action," "Parties," and "Jurisdiction" are not numbered and not incorporated into any of the counts. But these are not "claims or defenses," and lengthy paragraphs do not necessarily violate the Rule. While the Third Amended Complaint is not a model of clarity by any means, it is not a shotgun pleading under *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015). The Court declines to dismiss the case on this basis.

**B. Failure to State a Claim**

Defendants next argue that Plaintiff fails to allege sufficient facts to establish a cause of action for legal malpractice (Count I) or for breach of contract (Count IV). (Doc. 75 at 11–15). More specifically, Defendants argue that Plaintiff did not identify how the bankruptcy conversion caused damages

for the legal malpractice claim when her own actions exposed her to the damages. (*Id.* at 11–12). As to the breach of contract, Defendants argue that Plaintiff does not allege facts showing she paid, was charged, or incurred any additional fees, and it should be dismissed. (*Id.* at 14).

The Court finds sufficient facts pled to comply with Federal Rule of Civil Procedure 8(a)(2) because only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Plaintiff need only provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff need not plead the detailed facts sought by Defendants and the other arguments are not appropriate on a motion to dismiss. The motion will be denied on this basis.

**C. Independent Torts and Alternative Pleading**

Defendants argue that the claims of negligence misrepresentation (Count II) and constructive fraud (Count III) should be stricken or dismissed with prejudice because they are encompassed within the legal malpractice or breach of contract claims. Defendants assert that since the parties are in privity, the torts must be independent of any breach. (Doc. 75 at 15–18). Plaintiff responds that the counts are plead in the alternative, which is permitted. (Doc. 78 at 17).

"A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in

separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."); *see also Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982) ("Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency.").

This allowance does not erase the "longstanding common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Fitzgerald v. McNae*, No. 22-22171-CIV, 2023 WL 8476590, at *2 (S.D. Fla. Oct. 30, 2023) (citation omitted)*; see also Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*, No. 8:20-CV-604-T-33JSS, 2020 WL 5350303, at *5 (M.D. Fla. Sept. 4, 2020) ("[A] plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims.").

Essentially, "'[i]f a contract imposes a duty, and the defendant breaches that duty, the plaintiff must sue for breach of contract. If society imposes the duty, the plaintiff must sue in tort.'" *Atout as Tr. of HHM Land Tr. Dated Oct. 29, 2013 v. Rozanc*, No. 6D2023-2302, 2026 WL 2207239, at *5 (Fla. Dist. Ct. App. July 31, 2026) (quoting *Travelers Indem. Co. of Conn. v. Richard*

*McKenzie & Sons, Inc.*, 326 F. Supp. 3d 1332, 1345 (M.D. Fla. 2018), *aff'd*, 10 F.4th 1255 (11th Cir. 2021)). "'[W]here a breach of contract is combined with some other conduct amounting to an independent tort, the breach can be considered an independent tort under Florida law.'" *Cont'l Gen. Ins. Co. v. Gardina*, 773 F. Supp. 3d 1294, 1300 (M.D. Fla. 2025) (citations omitted). When fraud is involved, the "'alleged fraud is not separate from the performance of the contract where the misrepresentations forming the basis for the fraud also form the basis for the breach of contract claim.'" *Gardina*, 773 F. Supp. 3d at 1300 (citations omitted); *see also Cordero v. Transamerica Annuity Serv. Corp.*, 452 F. Supp. 3d 1292, 1302 (S.D. Fla. 2020) (an independent basis for a constructive fraud claim unrelated to the breach of contract claim is required to survive).

The allegations in the Third Amended Complaint show that the damages sought are generally the same for all counts. Plaintiff seeks the $66,201.70 Department of Education ("DOE") debt, turnover exposure, and litigation costs in the adversary proceedings; loss of protection for exempt assets available under Chapter 13 of the Bankruptcy Code; risk of loss; and reputational or emotional damage. (*Id.* ¶¶ 62, 69, 76, 91). The breach of contract count applies to the Martin Law Firm only and is based on an alleged breach of the Bankruptcy Retainer Agreement executed on March 26, 2019, and the actions

taken during the bankruptcy case in violation of the agreement. (Doc. 74 ¶¶ 85–88).

*1. Negligent Misrepresentation (Count II)*

To state a claim of negligence misrepresentation, "a plaintiff must show: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely and on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. Dist. Ct. App. 2011) (citations omitted).

In Count II, Plaintiff alleges that Defendants knew or should have known that Plaintiff, attorney Roca, and others would rely on information supplied to them regarding the disposition of property of the estate. Plaintiff alleges that Bierfeld negligently mispresented material facts regarding the handling of settlement funds and authored the letter with contradictory admissions; Martin omitted disclosure that the DOE objection deadline had been missed and that material consequences had been triggered; and the Martin Firm is vicariously liable for those misrepresentations and omissions. Plaintiff and her attorney Roca reasonably relied on Defendants'

misrepresentations. (*Id.* ¶¶ 64–68). And she suffered damages in the form of financial, legal, and personal harm from the misrepresentations.

While many facts are consequences of the conversion and form the basis of the breach of contract, Plaintiff also alleges the personal injury settlement funds discussed in the email and the Martin Law Firm letter. The Court finds sufficient "other conduct" to support an independent tort. The motion to dismiss will be denied as to Count II.

*2. Constructive Fraud (Count III)*

Turning to the claim of constructive fraud, "[u]nder Florida law, constructive fraud occurs 'when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken.'" *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005) (citation omitted). "Constructive fraud does not require a showing of an intent to misrepresent or conceal, and thus, the claim only needs to meet the pleading requirements of Rule 8." *Rutstein v. Viva 5 Grp., LLC*, 766 F. Supp. 3d 1189, 1198 (M.D. Fla. 2025).

In Count III, Plaintiff alleges that she had a fiduciary relationship with Bierfeld, Martin, and the Martin Law Firm that required each of them to act in Plaintiff's interest, to provide full and fair disclosure of material information, and to refrain from harming Plaintiff. Plaintiff alleges that Bierfeld abused a position of confidence, concealed a missed deadline for more

than three years, created a false impression that the case had been dismissed and that settlement proceeds could be disbursed, and converted the case without Plaintiff's informed consent. Plaintiff alleges that she relied on Bierfeld's silence, omissions, and representations. (*Id.* ¶¶ 71–75).

Plaintiff further alleges that Martin also stood in a fiduciary relationship with her and that he failed to disclose material facts regarding a missed deadline and failed to cause the Firm to take any corrective action, which proved detrimental to her. And Plaintiff asserts the Firm is vicariously liable for all breaches of the fiduciary duty and acts of Bierfeld and Martin.

The facts in support of the constructive fraud and the fiduciary duty are the same as those owed by the attorney-client relationship under the Retainer Agreement that forms the basis for the breach of contract claim. As such, it is not independent of the breach of contract claim even if it attempts to bring the claim against all Defendants and not just the Martin Law Firm as identified in the breach of contract claim. The motion to dismiss will be granted as to Count III.

**D. Statute of Limitations**

Only one issue merits a more extensive discussion—the statute of limitations. "A statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint. So dismissal on statute-of-limitations grounds is proper only where it is apparent

from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (cleaned up). The applicable statute of limitations for an action for professional malpractice is two years "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(5)(b). Plaintiff filed this action on April 18, 2025, in state court before its removal on May 16, 2025. (Doc. 1). Therefore, Plaintiff must or should have "discovered" the malpractice by April 18, 2023, for the claim to be timely filed.

The general rule is the "first injury" rule, where the statute of limitations begins as soon as "an injury, although slight, is sustained in consequence of the wrongful act of another[.]" *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 202 So. 3d 859, 862 (Fla. 2016) (citation omitted). A narrow exception to this rule is the "finality accrual" rule that applies when damages "exist by virtue of an enforceable court judgment" so that "the statute of limitations begins to run when the underlying judgment becomes final." *Id.*

Defendants argue that "the first injury rule," applies here so that damages stemming from the October 31, 2022, conversion to a Chapter 7 case and the malpractice claim are barred as untimely. (Doc. 75 at 7). Plaintiff responds that it is the "finality accrual rule" that applies, and it was the Bankruptcy Court's February 24, 2025, order that "crystallized Plaintiff's damages and confirmed the permanent nature of the harm." (Doc. 78 at 7).

"Historically, courts have applied the finality accrual rule in the legal malpractice context, when a client claims that counsel committed malpractice in the handling of a prior litigation matter." *Gunther v. Morgan, Lewis & Bockius LLP*, No. 2D2024-2142, 2026 WL 1965905, at *4 (Fla. Dist. Ct. App. July 8, 2026); *Glucksman v. Persol N. Am., Inc.*, 813 So. 2d 122, 124 (Fla. Dist. Ct. App. 2002) (citation omitted) (holding that a legal malpractice claim accrues "when the client incurs damages at the conclusion of the related or underlying judicial proceeding or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires."). This brightline rule derives from *Silverstone v. Edell*, 721 So. 2d 1173, 117 (Fla. 1998), explicitly applying the finality accrual rule. Since this ruling, the Florida Supreme Court has not yet receded from it. *See Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 42 (Fla. 2009); *L. Off. of David J. Stern, P.A. v. Sec. Nat. Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007); *Fremont Indem. Co. v. Carey, Dwyer, Eckhart, Mason & Spring, P.A.*, 796 So. 2d 504, 507 (Fla. 2001); *Von Dyck v. Gavin*, 350 So. 3d 842, 843 (Fla. Dist. Ct. App. 2022).

To assert its position, Defendant points out two cases where the first injury rule was used and a "final appellate determination" did not toll the statute of limitations: *Benoit v. Silverio*, No. 2:23-CV-1070-JES-NPM, 2024 WL 5703476 (M.D. Fla. Apr. 12, 2024) and *Mikhaylov v. Bilzin Sumberg Baena*

*Price & Axelrod LLP*, 346 So. 3d 224 (Fla. Dist. Ct. App. 2022). Both cases are inapplicable here. In *Mikhaylov*, counsel was hired to protect his financial interests in a real estate development project. *Mikhaylov* learned of his attorney's negligence during a scheme to defraud him by the business partners and he initiated a probate and civil action regarding the fraud. It was determined that the later bankruptcy case did not determine the malpractice that took place more than two years before during the scheme and "the case accrued when *Mikhaylov* suffered damages from the claimed malpractice[.]" *Mikhaylov v. Bilzin Sumberg Baena Price & Axelrod LLP*, 346 So. 3d 224, 228 & n.3 (Fla. Dist. Ct. App. 2022). In this case, there is no secondary litigation at issue to delay the accrual of damages from the malpractice.

Defendant states that in *Benoit* "the Middle District Court of Florida has confirmed the use of the first injury rule" even though the Court specifically applied the finality accrual rule in that case and found that "Plaintiff need not have appealed the judgment in the underlying case for the legal malpractice cause of action to plausibly exist." *Benoit v. Silverio*, No. 2:23-CV-1070-JES-NPM, 2024 WL 5703476, at *4–5 (M.D. Fla. Apr. 12, 2024).

Reviewing the history of the bankruptcy litigation, there is no ongoing relationship with Defendants that would be disrupted as counsel withdrew before litigation was terminated. Nor is there any additional ongoing litigation requiring Plaintiff to take an inconsistent position. *See Kipnis,* 202 So. 3d at

862. Defendants filed the motion to convert the case without Plaintiff's signature on the motion or informed consent, and the case was converted to a Chapter 7 case on October 31, 2022. Plaintiff was unaware of the conversion at the time it was sought and in fact thought her bankruptcy case had been dismissed. (Doc. 74 ¶¶ 8–10).

Defendant first argues that Plaintiff signed the Official Form 122A-1 Chapter 7 Statement herself in December 2022, for the Chapter 7 case and this is the date that should be considered. (Doc. 75-1). It is true that the Court may consider documents attached to a motion to dismiss "if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). That said, in the Third Amended Complaint, Plaintiff alleges that she did not review the Chapter 7 petition or schedules before they were filed, and she did not have the opportunity to approve or reject the documents. (Doc. 74 at 38). In response to the motion, Plaintiff denies having signed the Official Forms and argues that the signatures do not necessarily show *informed* consent. (Doc. 78 at 10–12). So, the document will not be considered.

Defendant next argues that it is the October 2022 conversion that represents the "crux of Plaintiff's entire Complaint." (Doc. 75 at 9). Plaintiff alleges in the Third Amended Complaint that it was May 19, 2023, when the Bankruptcy Court denied a motion to dismiss and locked her into the

consequences of the Chapter 7 plan, making damages real and concrete. (Doc. 74 ¶ 20). That said, Plaintiff argues the Court should consider February 24, 2025, the date the Bankruptcy Court issued its final order and released the claim back to Plaintiff, as the date that "crystallized Plaintiff's damages." (Doc. 78 at 7). So, Plaintiff asks the Court to apply the finality accrual rule.

As previously noted, dismissal based on the statute of limitations is appropriate only if apparent from the face of the complaint. Whether the Court applies the "first injury" rule or the finality accrual rule, the *earliest* date that could be considered is when Plaintiff alleges damages became apparent on May 19, 2023. This date would be within two years of the filing date. The motion to dismiss on statute of limitations grounds is denied.

**E. Amendment**

Plaintiff requests leave to amend her Third Amended Complaint "should the Court find any deficiency." (Doc. 78 at 20). On May 8, 2026, discovery was stayed pending the filing of an answer by Defendants. The operative Third Amended Complaint was filed on April 22, 2026, long after the initial deadline to amend pleadings expired, *see* Doc. 31 setting a deadline of October 24, 2025, and after Defendants answered the Intervenor Complaint (Doc. 40). This case has been pending for over one year with little progress and Plaintiff has not demonstrated good cause to allow a further amendment. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave

to amend its complaint after the deadline designated in a scheduling order must demonstrate "good cause" under Fed. R. Civ. P. 16(b)."). As a result, the Court declines to grant the request to amend.

Accordingly, it is now **ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 75) is **GRANTED** as to Count III for constructive fraud with prejudice and the motion is otherwise **DENIED.** Judgment is withheld until the conclusion of the case.
2. Defendants shall answer the Third Amended Complaint **by October 1, 2026.** An Amended Case Management and Scheduling Order will be issued thereafter.

**DONE and ORDERED** in Fort Myers, Florida on September 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record